Cassady v. Wallace.

102  575
52a  322

102  575
126  103

102  575
144  445

102  575
f159  39

CASSADY v. WALLACE *et al., Appellants.*

DIVISION ONE.

1. **Deed of Trust**: TRUSTEE. A trustee in a deed of trust to secure the payment of a debt is the agent of the owner of the property as well as of the owner of the secured debt.

2. ——— : ——— : DELEGATION OF TRUST. It is a personal trust on the part of the trustee ; he cannot delegate his powers calling for the exercise of judgment or discretion, except when the instrument gives him that authority.

3. ——— : ——— : SALE. When making a sale, he must act in good faith, must adopt all reasonable modes of procedure, and it is his duty to pursue the course which will insure the greatest benefit to the debtor.

4. ——— : ——— : UNFAIRNESS OF SALE. A literal compliance with the terms of the deed of trust will not support a sale where there is unfairness on the part of the trustee in making it.

5. ——— : ——— : ———. Where the trustee in a first deed of trust promises to inform the holder of a second deed of trust of the former's intention to sell, and the circumstances attending the sale show it was an unfair one and that it was made for speculative purposes on the part of both the trustee and the purchaser, such sale will be set aside.

6. ——— : PURCHASER : KNOWLEDGE OF UNFAIR SALE. Knowledge of such promise by the purchaser before payment of any part of the purchase money will bind him to the same extent as if he had such knowledge when he made his bid.

Cassady v. Wallace.

*Appeal from Jasper Circuit Court.* — HON. M. G. McGREGOR, Judge.

AFFIRMED.

*E. O. Brown* for appellants.

(1) The finding and decree of the court below is contrary to and unsupported by the evidence and ought not to stand. (2) The court erred in overruling defendants' demurrer to the evidence at the close of plaintiff's testimony. (3) The power of sale was conditioned upon the failure to pay the debt secured by the deed of trust, and it was sufficient to authorize a sale that there was a failure to pay the debt secured at the time the same became due. *Woods v. Augustine*, 61 Mo. 46 ; *Munson v. Ensor*, 94 Mo. 504. (4) Although the sale was not authorized in the first instance by the beneficiary his subsequent sanction or approval was equivalent to his original request ; as a general rule one who may authorize in the beginning may ratify in the end. *Bank v. Gray*, 64 Mo. 33. (5) Where, as in this case, the plaintiff and the trustee both reside in the same county the failure of the latter to fulfill an alleged promise made to the former to notify him of the time of the sale, or of any default by the mortgagor to pay the debt secured would affect the validity of such sale. Such a promise is a mere gratuity supported by no consideration. *Bailey v. Smock*, 61 Mo. 213. (6) The neglect to give a person interested in the foreclosure personal notice of the day of sale, in accordance with an alleged promise to do so, is not such official delinquency as will justify setting aside the sale. 2 Jones on Mort., sec. 1672 ; *Crumpton v. Baldwin*, 42 Ill. 165. The title of one purchasing in good faith under a power of sale is unaffected by any agreement between the parties to the mortgage that no sale should be made without giving personal notice of it to the mortgagor. 1 Jones on Mortgages, sec. 1899.

*Harding & Buller* for respondent.

(1) The trustee in a deed of trust is supposed to be a disinterested person who undertakes to protect the interests of both parties, and the fact that Brinkerhoff was the real lender of the money and consequently the real beneficiary in the deed of trust was a *suppressio veri*, a fraud upon the mortgagor sufficient to vitiate the trust and the power of sale. Fraud vitiates everything. *Turner v. Turner*, 44 Mo. 535 ; *Thornton v. Irwin*, 43 Mo. 153. (2) The deed of trust provided that in case of default then the trustee at the request of the legal holder of the note might proceed to sell by advertising, etc. The request was a necessary prerequisite to the execution of the power. And Brinkerhoff had no right to advertise until he had been requested ; hence his advertisement and sale was premature. Powers of this kind must be strictly pursued. *Thornton v. Irwin*, 43 Mo. 166 ; Hilliard on Mort., ch. 7 ; *Bales v. Perry*, 51 Mo. 449. The rule as to the ratification by principals of the acts of their agents does not apply in a case of this kind ; Brinkerhoff was not Sherwood's agent. He was Fasken's trustee acting under a power given by Fasken, not by Sherwood. *Whittlesey v. Hughes*, 39 Mo. 13. (3) A trustee in a deed of trust is trustee for the debtor and is bound to protect his interest and not sell unnecessarily, nor permit the property to be sacrificed if a sacrifice can be avoided. *Stoffel v. Schroeder*, 62 Mo. 149, and cases cited ; *Chesley v. Chesley*, 49 Mo. 540. This sale was manifestly made for the purpose of getting hold of the property for speculative purposes, and should be set aside. 62 Mo. 150, *supra*. Wallace was not an innocent purchaser ; he knew from Flanigan, Fishback and Romine all about the arrangements that had been made to get money to pay off the mortgage before the sale, and besides he says himself that if he ever did pay for the property it was not until the

sixth of December, while the sale was on the fourth, and Romine swears, and he admits, that on the evening of the fourth Romine told him all about the arrangements to pay.    An innocent purchaser must not only buy but he must pay the price before he gets notice.    *Stoffel v. Schroeder*, 62 Mo. 149 ;   *Halsa v. Halsa*,  8 Mo.  303 ; *Paul v. Fulton*, 25 Mo. 156.    And  notice  sufficient  to put a man upon inquiry is sufficient.   *Rhodes v. Outcalt*, 48 Mo. 367.    Moreover  the  intimate  business  relations subsisting  between  Wallace and Brinkerhoff, together with  their  conduct  in reference to the sale and their testimony as disclosed by the record, would amply warrant the court in finding that he was not an innocent purchaser.   *Leavitt v. Laforce*, 71 Mo. 353.   (4)   If Brinkerhoff  told  Cassady before he took his second mortgage that in case Fasken made default he would notify  him  before  taking  any steps to foreclose the mortgage, he was bound to keep his promise, and a failure to do so would operate as a fraud on Cassady sufficient of itself to authorize a court of equity to set aside the sale for that reason alone.   *Clarkson v. Creely*, 35 Mo. 95.

BLACK, J.—This is a suit to set aside a trustee's sale of real estate and to redeem.

W. G. Fasken being the owner of eighty acres of land  near  Carthage,  in  Jasper  county,  executed  to Brinkerhoff  a  deed  of  trust  thereon,  dated  the  first of November, 1884, to secure a note payable to Weeks for $1,200, due in five years with interest at eight per centum  per  annum  payable  annually.    Weeks  was simply the clerk of Brinkerhoff, and the latter was the real owner of the note as well as trustee.    Brinkerhoff assigned the note to Sherwood shortly after its date, but  he  continued  to  hold  the  note  as  the  agent  of Sherwood who resided in the state of Maine.

Fasken paid the interest maturing on November 1, 1885.   He then procured a loan of $400 from the plaintiff

Cassady, and secured the same by a second deed of trust, dated December 19, 1885.

While the evidence is conflicting, we are satisfied that Brinkerhoff then agreed to give Cassady notice of any default before taking any steps to foreclose, and that it was this assurance which induced Cassady to take a second lien.

Subsequently and in June, 1886, Fasken sold the eighty acres to Romine, and in the following August Romine agreed to convey the same to the defendant Phelps, free from incumbrances, for the consideration that Phelps conveyed to him a certain other one hundred and sixty acres. To enable Romine to discharge these incumbrances, it was necessary for him to procure a loan of about $2,000 on the Phelps one hundred and sixty acres; and to that end Phelps executed a deed to Romine, and placed the same in the hands of Fishback and Flanigan who were the agents of Romine in procuring the loan. There were delays in perfecting the loan because of alleged defects in the Phelps title.

Pending these negotiations and on December 4, 1886, Brinkerhoff, as trustee, sold the land because of a default in the payment of taxes and the November interest on the Sherwood note, and the defendant, Wallace, became the purchaser at $1,350. Though Brinkerhoff gave twenty days' notice of the sale in a weekly newspaper, still he did not notify Cassady of his intention to sell as he had agreed to do.

There is some evidence tending to show that Cassady heard the property was advertised for sale, but we are satisfied he had no such notice. Brinkerhoff, as trustee, commenced the advertisement without being requested so to do by Sherwood, but the latter by letter approved what had been done before the day fixed for the sale. Brinkerhoff and defendant Wallace were officers of and employed at the same bank, and they knew that Romine was procuring a loan to pay off the

Sherwood and Cassady debts. Though the agents of Romine had frequent conversations with Wallace and Brinkerhoff concerning the loan and Sherwood debt, yet it is shown that Brinkerhoof made no mention of the fact that he had advertised the property for sale, and the sale was made without the knowledge of Romine or his agents.

Romine heard of the sale after and on the day it was made, and immediately commenced a suit to set it aside. In about ten days he perfected the pending negotiations for a loan. With the money thus received he settled the pending suit by paying Wallace $1,850 for a quitclaim deed of the eighty acres to Phelps, and Phelps conveyed the one hundred and sixty acres to Romine. The effect of this transaction, if it must stand, was to cut out the plaintiff's security, and he thereupon commenced this suit.

It is true Brinkerhoff was trustee and the real owner of the note when the deed of trust and note were executed, but that fact does not render the sale made by him void. His position was that of mortgagee with a power of sale. Whether he could have purchased at his own sale is a question not involved in this case. Nor was the sale void or even voidable solely on the ground that Brinkerhoff advertised the property for sale without a special request from Sherwood so to do ; for he not only held the note for the purpose of collecting the interest, but his act was ratified and approved by Sherwood before the date fixed for the sale. The fact, however, is one to be considered when we come to look into the good faith of the transaction.

A trustee in these deeds of trust to secure debts occupies a position of great trust and confidence. He is the agent of the owner of the property as well as of the owner of the secured debt. It is a personal trust, for he cannot delegate his powers calling for the exercise of judgment and discretion, save when the instrument gives him that authority. *Bales v. Perry*, 51 Mo.

449.  In making the sale he is bound to act in good
faith.  As said in *Chesley v. Chesley*, 49 Mo. 540, he
must adopt all reasonable modes of proceeding, and it
is his duty to pursue the course which will insure the
greatest benefit to the debtor.   A literal compliance
with the terms of the deed of trust will not support a
sale thereunder where there is unfairness on the part of
the trustee in making it.  *Stoffel v. Schroeder*, 62 Mo.
147.

Now in this case the trustee agreed to give the
plaintiff notice before making any sale, and he knew
that it was upon this assurance that the plaintiff made
the loan and accepted a second deed of trust, and yet he
failed to give the plaintiff any notice whatever.   Again
the trustee and Wallace, the purchaser, knew that
Romine was negotiating a loan to pay off both debts
and that Romine expected daily to conclude that loan
and discharge the debts; yet neither the trustee nor
Wallace made any mention of the fact that the property
was then advertised for sale.   These facts and the other
circumstances disclosed in this case lead us to the con-
clusion that the trustee's sale was an unfair one; that it
was made for speculative purposes on the part of both
the trustee and the purchaser, and ought to be set aside.

It may be that, when Wallace purchased the prop-
erty at the trustee's sale, he did not know that the
trustee had agreed to give the plaintiff notice before
selling the property, but it is clear that he had such
notice before he paid any part of the purchase price bid
at the sale, and he occupies no better position than he
would if he had had such notice when he made the bid.
The defendant, Phelps, was also conversant with all the
facts when he accepted the deed from Wallace.   Indeed
the evidence shows that when Wallace made the deed to
Phelps they agreed, each with the other, to pay one-
half of plaintiff's debt, should the plaintiff be success-
ful in a suit against them.   It is clear that they both

purchased subject to any rights of Cassady to set aside the trustee's sale.

The court found the issue in this case for the plaintiff, and entered judgment pursuant to a stipulation as to what the form of the judgment should be, if the court found the issues for the plaintiff. The judgment is affirmed. All concur.