## BAUER DEVELOPMENT LLC, Appellant,

v.

## BOK FINANCIAL CORP., Respondent.

### No. WD 70044.

Missouri Court of Appeals, Western District.

June 9, 2009.

Michelle N. Higinbotham, for Appellant.

Scott D. Mosier, for Respondent.

Charles S. Pullium, III, Co–counsel for Respondent.

Mindy D. Smith, Co–counsel for Respondent.

Before Division Three: HAROLD L. LOWENSTEIN, Presiding Judge, JOSEPH M. ELLIS, Judge and LISA WHITE HARDWICK, Judge.

JOSEPH M. ELLIS, Judge.

Bauer Development, LLC appeals from a summary judgment granted in favor of Respondent BOK Financial Corporation d/b/a Bank of Oklahoma ("the Bank") on Bauer's petition for damages related to the foreclosure of certain real property.

In late December 2002, Daniel and Deborah Madasz ("the Madaszes") agreed to purchase the real property commonly known as 17508 East 58 Highway, Raymore, Missouri 64083 ("the Property") from Bauer Development. In order to do so, the Madaszes took out a first mortgage from the Bank in the amount of $895,000 and a second mortgage from Bauer Development in the amount of $590,000. The Deeds of Trust for both mortgages were dated December 31, 2002, and it is undisputed that the Bank's lien is superior in priority. The Madaszes began falling behind on their mortgage payments in late 2006, and Mike Bauer, as president of Bauer Development, contacted the Bank concerning the delinquency and learned that the Bank intended to foreclose on its mortgage. The Bank subsequently initiated foreclosure proceedings and purchased the Property for approximately $800,000 at a trustee's sale on March 1, 2007.

On May 25, 2007, Bauer Development filed a petition for damages against the Bank asserting claims of unjust enrichment and negligence *per se* or, in the alternative, promissory estoppel. It claimed that the Bank's representative promised to notify Bauer of the date and time of any foreclosure sale via one of several contacts that Bauer provided in January 2007 and that the Bank did not send notice through any of those means even though it knew Bauer Development held a second mortgage on the Property and should have known that it would rely on that promise. Bauer Development asserted that it relied on the Bank's promise to its detriment in that it was unable to protect its interests by ensuring that the trustee's sale was conducted fairly and by

purchasing the Property and that it may no longer be able to collect on its $590,000 promissory note. Bauer Development further asserted that the Bank was unjustly enriched by its purchase of the Property because it received a benefit when Bauer Development extended a second mortgage to the Madaszes to enable them to purchase the Property in connection with the Bank's first mortgage and the Bank subsequently purchased the Property at the foreclosure sale without sending proper notice to Bauer Development.

The Bank filed an answer and counter-petition to quiet title to the Property. The Bank admitted that Mike Bauer had contacted its representative regarding the foreclosure, but it denied that the representative promised to send notice of the sale via any contact information provided in January 2007. The Bank also denied that it received any benefit from Bauer Development or that its purchase of the Property constituted unjust enrichment. The Bank alleged that it sent notice to Bauer Development at the address indicated in its Deed of Trust and on the Missouri Secretary of State's website and that Bauer Development also had actual notice because Bauer was present at the trustee's sale. The Bank asserted that Bauer Development failed to protect its interest in the Property and that its rights were extinguished when the Bank purchased the Property at the trustee's sale.

The Bank subsequently filed a motion for summary judgment asserting that all of Bauer Development's claims should fail because Bauer Development was not entitled to notice since it did not file a Request for Notice of Sale at least forty days prior to the sale, as required by § 443.325,[1] and

---

1. All statutory citations are to RSMo 2000, unless otherwise stated. Section 443.325.1 provides that "[a]ny person desiring notice of sale under any deed of trust or mortgage with power of sale upon real property may, at any time subsequent to recordation of such deed

that, even if Bauer Development was entitled to notice, the Bank sent proper notice and Bauer Development had actual notice. The Bank further asserted that it was not unjustly enriched by purchasing the Property at the trustee's sale because Bauer Development never conferred any benefit on the Bank. It requested the court to quiet title to the Property in the Bank's favor.

In its reply to the motion for summary judgment, Bauer Development admitted that it "had actual knowledge that the Property was threatened with foreclosure" and that "in order for a notice of foreclosure to be sent to the address set forth in the request, a request for notice must be filed of record at least forty (40) days prior to the foreclosure." Nevertheless, Bauer Development argued that its claims for unjust enrichment and promissory estoppel should survive the motion even though it failed to file a timely Request for Notice of Sale because it alleged that the Bank's representative promised to call or send notice to Bauer at one of the contacts he provided and that the Bank failed to do so and Bauer Development did not have actual notice.

The court held a hearing on March 21, 2008, and took the case under advisement. On July 12, 2008, the court granted summary judgment in favor of the Bank on Bauer Development's petition and on the Bank's counter-petition to quiet title without indicating its reasoning. This appeal follows.

 "Appellate review of the grant of summary judgment is de novo." *Midwestern Health Mgmt., Inc. v. Walker,* 208 S.W.3d 295, 297 (Mo.App. W.D.2006).

"The record below is reviewed in the light most favorable to the party against whom summary judgment was entered, and that party is entitled to the benefit of all reasonable inferences from the record." *Lewis v. Biegel,* 204 S.W.3d 354, 356 (Mo.App. W.D.2006) (internal quotation omitted). "Facts contained in affidavits or otherwise in support of a party's motion are accepted as true unless contradicted by the non-moving party's response to the summary judgment motion." *Walker,* 208 S.W.3d at 297. "Summary judgment is appropriate only when the record demonstrates that there are no genuine disputes regarding material facts and that the moving party is entitled to judgment as a matter of law." *Biegel,* 204 S.W.3d at 356 (internal quotation omitted). "A genuine issue of material fact exists when the record shows two plausible, but contradictory, accounts of the essential facts." *Barekman v. City of Republic,* 232 S.W.3d 675, 682 (Mo.App. S.D.2007).

> Where the defending party is the movant, it may establish a right to judgment by showing: 1) facts negating any one of the non-movant's elements facts; 2) that the non-movant, after an adequate period of discovery, has not been able and will not be able to produce evidence sufficient to allow the trier of fact to find the existence of any one of the non-movant's elements; or 3) that there is no genuine dispute as to the existence of each of the facts necessary to support the movant's properly-pleaded affirmative defense.

*Division Cavalry Brigade v. St. Louis County,* 269 S.W.3d 512, 516 (Mo.App. E.D.2008).

of trust or mortgage, cause to be filed for record in the office of the recorder of each county in which any part or parcel of the real property is situated a duly acknowledged request for such notice of sale." Section

443.325.3(1) then provides that a notice of foreclosure sale shall be sent to "each person whose name and address is set forth in any such request recorded at least forty days prior to the scheduled date of sale."

■ In its first point, Bauer Development asserts that the trial court erred in granting summary judgment on its claim of unjust enrichment because genuine issues of material fact remained as to each of the elements of the claim. The elements of unjust enrichment are: "a benefit conferred by a plaintiff on a defendant; the defendant's appreciation of the fact of the benefit; and the acceptance and retention of the benefit by the defendant in circumstances that would render that retention inequitable." *Hertz Corp. v. Raks Hospitality, Inc.*, 196 S.W.3d 536, 543 (Mo. App. E.D.2006).

As noted above, Bauer Development contends that it conferred a benefit on the Bank by agreeing to extend financing to the Madaszes in late 2002 in the form of a second mortgage. It argues that the Madaszes would not have been able to purchase the Property without the second mortgage and, therefore, the Bank would not have been able to profit from the interest earned on the first mortgage. Bauer Development further argues that the Bank benefitted from its "willingness to accept the high risks involved in second mortgages" because the Bank was able to extend the loan to the Madaszes for less than the full sale price on the Property and with first priority, thereby ensuring that the Bank would recover the full amount of its loan in the event of default, and that the Bank eventually purchased the Property after default for less than its full appraisal value at the foreclosure sale.

We disagree. There are no disputed facts concerning whether a benefit was conferred, so it is a question of law as to whether summary judgment was appropriate on this issue. Bauer Development cites no authority to support its claim that it conferred a benefit on the Bank, and we found none in our independent research. Contrary to Bauer Development's sugges-

tion, the fact that the Bank's Deed of Trust was filed one minute before its own Deed of Trust does not show that any benefit was conferred or acknowledged. Both parties contracted with the Madaszes. If anything, the Bank conferred a benefit on Bauer Development because Bauer Development would have been unable to sell the Property to the Madaszes without the additional loan. Because Bauer Development failed to establish that it conferred a benefit on the Bank, we need not address the other elements of the claim for unjust enrichment. The trial court did not err in granting summary judgment on this claim. Point denied.

Bauer Development contends in Point II that the trial court erred in granting summary judgment on its claim for promissory estoppel because the issues of whether the Bank promised to notify Bauer Development of any foreclosure sale at one of the contacts provided and whether Bauer Development relied on that promise to its detriment remain in dispute and are questions of credibility for the jury to decide.

■ "A claim of promissory estoppel has four elements: (1) a promise; (2) on which a party relies to his or her detriment; (3) in a way the promisor expected or should have expected; and (4) resulting in an injustice that only enforcement of the promise could cure." *Clevenger v. Oliver Ins. Agency, Inc.*, 237 S.W.3d 588, 590 (Mo. banc 2007). "The promise giving rise to the cause of action must be definite, and the promise must be made in a contractual sense." *Id.* "In Missouri, promissory estoppel is not a favorite of the law, and each element must clearly appear and be proven by the party seeking its enforcement." *Id.*

The record reflects that the Bank sent notice to Bauer Development via certified mail at the physical address listed on the Secretary of State's website, which was

apparently no longer valid, but not to the P.O. Box address that was also listed on the site, which was still valid. Bauer Development filed a Request for Notice of Sale requesting that notice be sent to the P.O. Box address, but the request was not filed at least forty days before the sale, as required by statute to be entitled to receive notice at that address. *See* § 443.325.3. It is clear that factual disputes remain as to the following issues: (1) whether the Bank promised to send notice of the foreclosure sale to Bauer Development at one of the contacts listed in the January 2007 letters; (2) whether Bauer Development relied on any such promise to its detriment by not filing a Request for Notice of Sale at least forty days before the sale and not being prepared to bid on the Property on the date of sale; and (3) whether Mike Bauer had actual notice and was present at the sale but neglected to bid.

Although the Bank claims in its brief that there are no factual disputes as to these issues, the majority of its arguments focus on showing that the factual disputes should be resolved in its favor based on the petition and the evidence presented in response to the summary judgment. The Bank further argues that it is entitled to summary judgment because, even if Bauer Development relied on a promise from the Bank to its detriment, the promissory estoppel claim must fail because Bauer Development is not without an adequate remedy at law because it can still sue the Madaszes to collect on its promissory note in the amount of $590,000.

Bauer Development relies on *Cassady v. Wallace*, 102 Mo. 575, 15 S.W. 138 (1891), and *Miles Homes Division of Insilco Corp. v. First State Bank of Joplin*, 782 S.W.2d 798 (Mo.App. S.D.1990), in support of its claim for promissory estoppel. This reliance is misplaced. In both of those cases, the court held that a trustee's sale after failure to provide notice was unjust because the plaintiff alleged that the holder of the first mortgage promised to provide notice prior to initiating foreclosure proceedings and that it relied on such promise in order to extend credit to the buyers. *See Cassady*, 15 S.W. at 139; *Miles*, 782 S.W.2d at 801. In contrast, Bauer Development does not allege that it relied on any promise by the Bank in making its decision to extend the second mortgage to the Madaszes. Rather, it argues that it relied on the Bank's alleged promise to notify it prior to initiating foreclosure proceedings in failing to file a timely Request for Notice of Sale with its current address and failing to appear at the sale ready to bid on the Property to protect its interest.

Another very early case, *Sheridan v. Nation*, 159 Mo. 27, 59 S.W. 972 (1900), is more instructive to the situation at hand. In that case, the plaintiffs took out a mortgage on real property from the defendant and paid the interest over the course of several years, leaving the principal balance due. *Id.* at 973. The defendant then told the plaintiffs that he would not foreclose on the mortgage without first giving them notice of his intention to do so, so the plaintiffs made no further efforts to raise money to pay back the loan even though they could easily have obtained the money elsewhere. *Id.* Shortly thereafter, the defendant had a trustee advertise the property for sale without notifying the plaintiffs that he planned to do so, and the defendant subsequently purchased the property at a trustee's sale for approximately 1/5 of its fair market value. *Id.* The plaintiffs first learned of the planned sale a few days before it occurred, and they contacted the defendant and offered to pay the full amount due, but the defendant refused to relay the amount due and stated that he would not accept the

amount if it was tendered to him. *Id.* The Court affirmed the trial court's judgment setting aside the trustee's sale, stating:

> While it may be said that **defendant was under no legal obligation to notify plaintiffs** of his intention to sell the property under the deed of trust, **yet, having led them to believe he would not cause the property to be sold without giving them personal notice** before selling the same, ... his proceeding to sell without notice to plaintiffs ... operated as a fraud upon plaintiffs, which authorizes the intervention of the court of equity in their behalf.
>
> It is evident that plaintiffs were acting under the belief that no proceedings would be taken to enforce the deed of trust ... without notice to them, and therefore they did not look for an advertisement of the sale in the newspapers, not giving themselves any further concern about the matter, but relied implicitly upon this understanding, nothing occurring in the meantime to lead them to anticipate a sale under the deed of trust, contrary to the agreement.

*Id.* at 975 (emphasis added).

One of the cases *Sheridan* relied on, *Orr v. Bunker,*[2] 134 Mo. 78, 34 S.W. 1087 (1896), is also instructive to the case at bar. *See Sheridan,* 59 S.W. at 975. *Orr* affirmed a judgment setting aside a trustee's sale and allowing the holder of a first note under a mortgage, Orr, to redeem where the holder of another note under the mortgage, Heath, promised to notify Orr prior to foreclosing on the mortgage but failed to do so. 34 S.W. at 1088–89. The Court explained:

> Mrs. Heath was under no legal obligation to notify Orr personally of her intention to sell, or to consult him with respect of her intention to advertise the property for sale under the deed of trust. But when her agent ... chose to do so, and promised Orr to see him again after their conversation in which Orr said [the agent] asked him to join in the foreclosure, before advertising the property for sale, his failure to do so was a fraud upon Orr.

*Id.* at 1088 (internal citation omitted).

Both of these cases were decided well before § 443.325 was enacted to require notice to certain persons prior to foreclosing on a property. However, they each dealt with situations where the party who foreclosed upon the mortgage had no legal obligation to notify the complaining party, as in the case at bar, but the evidence showed that they promised to notify the other party and failed to do so, to the other party's detriment, as alleged by Bauer Development. The Bank denied that it made any such promise, but Bauer Development presented an affidavit and other evidence to support its claim that the Bank's agent, Mary Williamson, promised to notify it at one of the alternate contacts. Thus, there remains a dispute as to material fact on the issues of whether the Bank promised to notify Bauer Development at some address other than the one specified on the Deed of Trust and whether Bauer Development relied on that promise to its detriment. While the claim for promissory estoppel may be defeated by a showing that Bauer Development had actual notice of the sale and was not prejudiced by the Bank's failure to follow through with its alleged promise,[3] that issue also remains in

---

**2.** *Sheridan* incorrectly referred to the case as *Orr v. McKee.*

**3.** *See Macon–Atlanta State Bank v. Gall,* 666 S.W.2d 934, 940 (Mo.App. W.D.1984) (holding that a party to a foreclosure sale was not prejudiced by the lack of personal written notice as he had actual notice of the sale for more than twenty days prior to it, discussed the sale with his attorney, and was present at

dispute because the parties presented conflicting affidavits as to Mike Bauer's knowledge and/or presence at the sale. Accordingly, the trial court erred in granting summary judgment on the promissory estoppel claim. Point II is granted.

Having found that a material dispute of fact remains concerning the claim for promissory estoppel, we need not address Bauer Development's final point concerning the lack of discovery before the summary judgment was entered.

The case is reversed and remanded for further proceedings not inconsistent with this opinion.

All concur.

the sale and failed to object to it); *see also Woolsey v. Bank of Versailles,* 951 S.W.2d 662, 666 (Mo.App. W.D.1997) (quoting *IPI Liberty Vill. Assocs. v. Spalding Corners Assocs.,* 751 S.W.2d 120, 124 (Mo.App. W.D.1988)) ("The primary purpose of § 443.325.3 is 'to require a good faith effort to bring the intended foreclosure sale to the actual notice of the mortgagor, so that he has an opportunity to protect himself.' ").