**Farrel HAHN, Respondent,**

v.

**Otto HAHN, Appellant.**

**No. 25900.**

Missouri Court of Appeals, Kansas City District.

Dec. 4, 1972.

Robert Devoy and Richard N. Brown, Brookfield, for appellant.

Harry L. Porter, Marceline, for respondent.

Before SHANGLER, C. J., PRITCHARD and WASSERSTROM, JJ., and WILLIAM J. PETERS, Special Judge.

WILLIAM J. PETERS, Special Judge.

This appeal comes to us from a judgment entered in the Circuit Court of Linn County, Missouri, arising from litigation between two former partners. Litigation was instituted by the respondent, hereinafter called "plaintiff," against the appellant, hereinafter called "defendant," by filing of a petition wherein the plaintiff asked for an account of all the property of the firm of plaintiff and defendant, doing business as Hahn Motor Company, a partnership at the time of its dissolution, together with an account of all bills receivable at the time of the dissolution and that plaintiff have judgment against the defendant for one-third of the value of the said business, together with interest thereon at six per cent per annum from the date of dissolution to the date of judgment.

Defendant filed a motion to dismiss, which was by the court overruled. Thereafter defendant filed an answer, answered interrogatories and subsequently filed an amended answer wherein defendant admitted that on or about the first day of January, 1954, an oral agreement of partnership was made between the plaintiff and defendant and further admitted that at the time of dissolution of the partnership the net worth of the Hahn Motor Company was approximately ninety-nine thousand dollars, but further defendant denied that the plaintiff had any right to claim any interest in the partnership of the parties because the plaintiff had refused to recognize setoffs or recoupments, which properly should be included in such an accounting, to-wit: The balance due defendant by plaintiff on plaintiff's personal note for and in consideration of the one-third interest in said Hahn Motor Company. Defendant alleged that no part of the note, principal or interest, had been paid, which completely and fully extinguished any amount that the plaintiff may have due him.

Defendant introduced into evidence a note dated January 1, 1954, in the sum of twenty-three thousand five hundred and sixteen dollars and two cents, which stated simply that after date "I promise to pay Otto Hahn or order twenty-three thousand five hundred sixteen and 0²/₁₀₀ dollars for value received, with interest at the rate of eight per cent per annum." The note did not state from whence the interest was due nor did it state a date when the note was due.

On April 1, 1971, in the Circuit Court of Linn County, Missouri, at Brookfield, this cause came to trial before the Honorable G. Derk Green, Judge.

Over the continued objections of counsel for defendant, plaintiff was permitted to testify that the firm accountant, Mr. Palmer, advised that they could make out a note to defendant by plaintiff for the one-third of the business with no interest and there could be credited to this note as a gift each year three thousand dollars with no tax paid on it. The evidence was that the partnership agreement which began operation in January of 1954 terminated in 1965. At no time during the eleven years of the partnership did the defendant ever request any payment on the note.

There was some dispute as to the background and reason for the father and son not getting along in the business but both parties agreed that the partnership was dissolved in 1965.

Defendant never received any payment from plaintiff on the note and denied ever making any gift to the plaintiff on any part or all of the note.

The court records indicate under date of April 1, 1971, that the parties appeared and evidence was adduced and the cause was submitted and taken under advisement. Court records further show under date of May 11, 1971, "Finding and judgment for plaintiff in the amount of nine thousand seven hundred fifty-five dollars sixty-nine cents."

May 25, defendant, by his attorney, filed a motion to amend judgment asking the court to reconsider an amended order of May 11, 1971 to show judgment for the defendant with no amount being found owed by either party to the other. On August 25, 1971, the court entered an order overruling the motion to amend the judgment. On September 4, 1971, defendant filed his notice of appeal to this court.

Defendant appeals and argues among other things that the trial court erred on matters of law in failing to find for defendant a recoupment amount at least offsetting any amount plaintiff might otherwise have recovered and that the court should have allowed eight per cent interest per annum on ·the note and an attorney's fee of ten per cent of the principal amount if needed to extinguish plaintiff's recovery.

The trial court was not requested to make findings of fact and made none. The court entered judgment for ninety-seven hundred fifty-five dollars and sixty-nine cents. Mathematically it appears that the trial court computed the plaintiff's partnership interest at one-third of ninety-nine thousand eight hundred and fifteen dollars and twelve cents, or thirty-three thousand two hundred and seventy-one dollars and seventy cents. The Court then subtracted the amount of the note, twenty-three thousand five hundred and sixteen dollars and two cents, and gave plaintiff judgment for the difference, or nine thousand seven hundred fifty-five dollars and sixty-nine cents.

$$\begin{array}{r} \$33,271.70 \\ \text{minus} \quad \underline{\$23,516.02} = \\ \$\ 9,755.69 \end{array}$$

The note dated January 1, 1954, indicates the rate of interest of eight per cent per annum and the defendant testified that a computation on the note at eight per cent from January 1, 1954 to May 1, 1965 would make the amount due under the note, forty-four thousand nine hundred ninety-three dollars and twenty cents. This would be greater than plaintiff's one-third interest.

We have reviewed all of the authorities submitted by respondent, including those in what respondent has designated "memoranda," forwarded with letter of October 11, 1972, from attorney Harry L. Porter.

In this case, the defendant asked no judgment against plaintiff but only seeks to offset any claim plaintiff has against defendant. Defendant, in other words, asks for recoupment. As stated in Freeman Contracting Company v. Lefferdink, Mo.App., 419 S.W.2d 266, at page 275: "The defense of recoupment has lost much of its identity under modern practice and is now generally included within the modern statutes as to counterclaims. Nevertheless, it is still available as a purely defensive matter. Brush v. Miller, Mo.App., 208 S. W.2d 816. Therein at l. c. [7] 820, this court held: ' * * * Such a defense involves a defendant's common-law right to recoupment, and is very frequently asserted in actions of this character. In its strict and literal sense it is a purely defensive matter growing out of the transaction constituting the plaintiff's cause of action, and applicable only to reduce or satisfy the plaintiff's claim. In other words, it goes only to mitigation or extinguishment of damages, and differing from a counterclaim, permits no affirmative judgment for the defendant.' "

■ The evidence adduced by plaintiff about the statement by accountant Palmer was parol evidence. One who admits the execution of a note will not be permitted to show the existence of an oral agreement for the reason that when a contract has been reduced to writing, the law will presume that it embodies the entire agreement of the parties. Fischman-Harris Realty Co. v. Kleine, Mo.App., 82 S.W.2d 605. There the court pointed out that to permit a party to a written contract to introduce parol evidence would be to permit him to

say that it did not contain the agreement and not containing the agreement it is fraudulent and being fraudulent it cannot be enforced. The court quoted in that opinion at page 611, "Thus a writing would be mere waste material and all stability of contract be at an end."

■ We hold that the court erred in admitting the parol testimony of plaintiff about the statement of accountant Palmer.

It being conceded that plaintiff had a one-third interest in the Hahn Motor Company, the matter before this Court is whether that interest is extinguished by recoupment because of the note signed by plaintiff.

■ Plaintiff cites Section 400.3–115 of the Uniform Commercial Code which deals with incomplete instruments. We hold that the note in evidence is governed by Section 401.017, which reads in part: "(2) Where the instrument provides for the payment of interest, without specifying the date from which interest is to run, the interest runs from the date of the instrument, and if the instrument is undated, from the issue thereof". Defendant was therefore entitled to the interest of eight per cent and was therefore due as recoupment a sum greater than the sum of plaintiff's one-third interest in the partnership.

■ The trial court correctly found that the note was a proper item of recoupment. The trial court erred in not allowing the interest provided for in the note. Defendant calculated the note with interest at an amount greater than plaintiff's one-third interest in the partnership. We therefore hold that plaintiff's claim is extinguished by recoupment.

The cause is remanded with direction to the trial court to enter a judgment in favor of defendant.