BOONE NATIONAL SAVINGS & LOAN ASSOCIATION, F.A., Respondent,

v.

Laura J. CROUCH, Appellant.

No. SC 83409.

Supreme Court of Missouri, En Banc.

June 26, 2001.

---

Harriet F. Francis, Thomas M. Harrison, Columbia, for Appellant.

John A. Ruth, Cathleen A. Martin, Jefferson City, for Respondent.

WOLFF, Judge.

## Introduction

Boone National Savings and Loan Association sued Laura J. Crouch on a guaranty that she had signed for the debts of her husband, John A. Crouch, M.D. In her answer, she asserted affirmative defenses and a counterclaim based upon Boone National's alleged violations of the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.* Boone National moved for summary judgment on Ms. Crouch's affirmative defenses, asserting that the federal act could not be asserted as an affirmative defense, and moved for summary judgment on the counterclaim on the basis that the claim was barred under the statute of limitations.

The trial court granted summary judgment on both the counterclaim and affirmative defenses. The court subsequently entered judgment against Ms. Crouch on Boone National's guaranty claim.

After opinion, the Court of Appeals, Western District, ordered the cause transferred to this Court. We have jurisdiction. Mo. Const. art. V, § 10.

We hold that the counterclaim is barred by the statute of limitations, but that a purported violation of the Equal Credit Opportunity Act can be raised as an affirmative defense. Accordingly, the trial court's judgment is affirmed on the counterclaim, the judgment in favor of Boone National on the guaranty claim is reversed, and the case is remanded for further proceedings.

## Facts

Boone National made an unsecured loan in 1992 of $193,235.20 to Ms. Crouch's husband, Dr. John A. Crouch, individually, and Dr. Crouch's business partner, Dr. Jerry D. Kennett, individually. The proceeds of the loan were used by Drs. Crouch and Kennett, under a limited partnership, to acquire land in California. Ms. Crouch had no interest in the limited partnership.

The day after the loan was made Boone National's president sent Dr. Crouch a letter that enclosed a guaranty form for Ms. Crouch to sign. The guaranty agreement provided that Ms. Crouch would absolutely and unconditionally guarantee payment of all debt incurred at that time or in the future by Dr. Crouch. At the time Ms. Crouch signed the guaranty, she was employed as a part-time nurse and in

the previous tax year had a gross income of a little over $16,000. For the same year, Dr. Crouch was employed in a group of cardiovascular surgeons in Columbia, Missouri, and his adjusted gross income was about $503,000 in the previous year.

The 1992 loan was paid off in 1994. In 1995, Boone National made another loan to Dr. Crouch, individually, in the amount of $275,000. The loan was secured by Dr. Crouch's life insurance policy. Ms. Crouch was not aware that her husband had made this loan. When Dr. Crouch applied for this loan, Boone National's president asked him whether Ms. Crouch would co-sign the note. Dr. Crouch said his wife would not sign. Dr. Crouch said he believed that Ms. Crouch's 1992 guaranty was no longer effective after he paid off the 1992 loan. A business loan worksheet prepared by Boone National in 1995 did not list Ms. Crouch's personal guaranty as security for the 1995 loan.

In 1997, Dr. Crouch failed to pay the principal and accrued interest on the 1995 note. Boone National's negotiations with Dr. Crouch failed. Ultimately Dr. Crouch's creditors filed an involuntary Chapter 11 bankruptcy against him. In December 1997 Boone National filed this action against Ms. Crouch, claiming breach of the guaranty by failing to pay Boone National the unpaid principal and accrued interest that Dr. Crouch owed on the 1995 loan. Boone National prayed for the unpaid principal in the amount of $274,000, plus interest, attorneys' fees and court costs.

Ms. Crouch answered, denying liability and raising various affirmative defenses. In an amended pleading, she asserted a counterclaim based on the Equal Opportunity Credit Act and an affirmative defense based on Boone National's purported violations of the act. The trial court granted summary judgment in favor of Boone National on the counterclaim and on the affir-mative defense in December 1998. Approximately a year later, the trial court granted Boone National summary judgment on its claim for breach of the guaranty contract. Boone National had recovered some of the unpaid loan amount in the bankruptcy proceeding, and the trial court accordingly granted Boone National judgment against Ms. Crouch on the balance of $259,877.74 as unpaid principal on the 1995 loan, plus interest, and $26,000 in attorneys' fees.

## Purported Violations of Equal Credit Opportunity Act

Under the Equal Credit Opportunity Act, it is unlawful for any creditor to discriminate against a credit applicant "with respect to any aspect of a credit transaction ... on the basis of ... marital status." 15 U.S.C. § 1691(a)(1).

Regulations under the act are promulgated by the board of governors of the Federal Reserve System. The Federal Reserve's Regulation B provides that a creditor "shall not require the signature of an applicant's spouse or other person, other than a joint applicant, on any credit instrument if the applicant qualifies under the creditor's standards of creditworthiness for the amount and terms of the credit requested." 12 C.F.R. § 202.7(d)(1).

In her counterclaim and affirmative defenses, Ms. Crouch asserts that Boone National's requirement that she sign a guaranty in 1992 was a violation of the act. In her pleadings, she alleges facts that, if proved, would establish a violation of the act and the regulation. The trial court granted summary judgment on the counterclaim because of the statute of limitations. Summary judgment on the affirmative defenses was granted because the trial court concluded that the defenses as a matter of law may not be asserted. There are no factual findings pertinent to the claimed violation. Thus, the trial court made no finding, for example, as to wheth-

er Dr. Crouch qualified "under the creditor's standards of creditworthiness for the amount and terms of credit requested." 12 C.F.R. § 202.7(d)(1). Nor is there any factual record on whether Ms. Crouch was engaged in this business transaction with her husband in 1995 or who benefited from the proceeds of the loan that was made at that time.

### Ms. Crouch's Counterclaim

■ The Equal Credit Opportunity Act provides for an aggrieved person to bring an action for damages, including punitive damages and attorney's fees, for violations of the act. 15 U.S.C § 1691e(a),(b),(d). An "action . . . may be brought" in a court of competent jurisdiction not later than two years from the date of the occurrence of the violation. 15 U.S.C. § 1691e(f).

In addition to an action for damages, the act provides that a court "may grant such equitable and declaratory relief as is necessary to enforce the requirements imposed" under the Equal Credit Opportunity Act. 15 U.S.C. § 1691e(c). "Many cases have utilized this provision as authority for allowing a debtor to assert violations . . . as a counterclaim for recoupment or as an affirmative defense to collection actions, even after the running of the two year statute of limitations," as this Court noted in *Hammons v. Ehney,* 924 S.W.2d 843, 852 (Mo. banc 1996).[1]

The federal authorities are split on the issue of whether a counterclaim for re-

coupment can be asserted after the statute of limitation has run. However, under Missouri law, the doctrine of recoupment—whether called a counterclaim or an affirmative defense—is solely a matter of defense. *Schroeder v. Prince Charles, Inc.,* 427 S.W.2d 414, 419 (Mo.1968). It is not a method for obtaining affirmative relief, but "is available only to reduce or satisfy a plaintiff's claim and permits no affirmative judgment." *Id.*[2] Under the Uniform Commercial Code, claims of recoupment are treated the same as defenses. Section 400.3–305, RSMo 2000. Under our pleading rule, Rule 55.08, if an affirmative defense is called a counterclaim, or vice versa, the court is to treat the counterclaim or affirmative defense as though it were properly labeled.

To the extent that Ms. Crouch's counterclaim seeks damages and attorneys' fees, it is time-barred. Quite plainly, Ms. Crouch's counterclaim seeking damages and attorney's fees under the act is "an action" that was required to be brought within the two-year period specified in the statute. The trial court's grant of summary judgment on the counterclaim was correct.

### Ms. Crouch's Affirmative Defenses

■ Ms. Crouch's assertion of Boone's National's alleged violations of the federal law, as affirmative defenses, is another matter. In an affirmative defense, Ms.

---

1. The cases cited by this Court in *Hammons* were: *Silverman v. Eastrich Multiple Investor Fund, L.P.,* 51 F.3d 28, 32 (3d Cir.1995); *Sony Electronics, Inc. v. S.G. Putnam,* 906 F.Supp. 228, 229 (D.N.J.1995); *F.D.I.C. v. Medmark,* 897 F.Supp. 511, 514 (D.Kan. 1995); *Resolution Trust Corp. v. Schonacher,* 844 F.Supp. 689, 696 (D.Kan.1994); *Integra Bank/Pittsburgh v. Freeman,* 839 F.Supp. 326, 330 (E.D.Pa.1993); *Riggs Nat'l Bank of Washington, D.C. v. Linch,* 829 F.Supp. 163, 169 (E.D.Va.1993), *aff'd,* 36 F.3d 370 (4th Cir. 1994); *CMF Virginia Land, L.P. v. Brinson,*

806 F.Supp. 90, 93 (E.D.Va.1992); *Eure v. Jefferson Nat'l Bank,* 248 Va. 245, 448 S.E.2d 417, 421 (1994); *Marine American State Bank of Bloomington, Ill. v. Lincoln,* 433 N.W.2d 709, 712 (Iowa 1988).

2. *See also Keith v. Burlington Northern R. Co.,* 889 S.W.2d 911, 925 (Mo.App.1994); *McCarthy v. Community Fire Protection Dist. of St. Louis County,* 876 S.W.2d 700, 702 (Mo.App. 1994); *Hahn v. Hahn,* 488 S.W.2d 203, 205 (Mo.App.1972).

Crouch sets forth the purported violations of the Equal Credit Opportunity Act to say that Boone National is "equitably estopped" from attempting to enforce its guaranty.

In the subsection of the federal statute that provides for "such equitable ... relief as is necessary to enforce the requirements" of the law, 15 U.S.C. § 1691e(c), the language is not limited to "actions" that, by the terms of section 1691e(f), are to be "brought" not later than two years from the date of the occurrence.

The assertion of Ms. Crouch's affirmative defenses is not "an action" that is being "brought." Under Missouri's pleading rules, an affirmative defense is a matter that is asserted to avoid liability, even if the facts pleaded in the petition are proved.[3] Under Missouri law, even though a claim may be barred by the applicable statute of limitations, the essence of the claim may be raised as a defense. For example, if a claim for medical malpractice is time-barred, a patient sued for payment for services may raise as a defense that the services were not properly rendered. *See Gardner v. Robinson*, 759 S.W.2d 867, 868 (Mo.App.1988). In this case Ms. Crouch asserts affirmative defenses of recoupment and equitable estoppel based on the alleged violations of the federal act.

Rule 55.08 specifically sets forth estoppel and illegality as examples of affirmative defenses.

■ For purposes of equity, the trial court should determine whether there is a violation of the Equal Credit Opportunity Act and whether, consistent with the act, the violations serve as a defense to the claim on the guaranty. The concept of equity is invoked because recoupment is based on equitable principles.[4]

It would be inconsistent with the equitable relief recognized in the federal statute to allow a violator to enforce its guaranty claim simply because the victim of the violation had not brought an action within the two-year period. In this case, for instance, Ms. Crouch would have had to bring an action for violation of the Equal Credit Opportunity Act by 1994, which was one year before the loan in question and three years before there was any effort to impose liability upon her for her husband's debts.

There is another reason for using equity. As noted, there is no factual record to determine whether or not Ms. Crouch was in business with her husband on the 1995 loan transaction or whether she in fact benefited from the proceeds. Dr. Crouch's creditors forced him into bankruptcy, but

---

**3.** Rule 55.08, entitled "AFFIRMATIVE DEFENSES," is as follows:

In pleading to a preceding pleading, a party shall set forth all applicable affirmative defenses and avoidances, including but not limited to accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, comparative fault, state of the art as provided by statute, seller in the stream of commerce as provided by statute, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, truth in defamation, waiver, and any other matter constituting an avoidance or affirmative defense. A pleading that sets forth an affirmative defense or avoidance shall contain a short and plain statement of the facts showing that the pleader is entitled to the defense or avoidance. When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court may treat the pleadings as if there had been a proper designation.

**4.** "Recoupment rests upon the principle that it is just and equitable to settle in one action all claims growing out of the same contract or transaction." *Russell v. Empire Storage & Ice Co.*, 332 Mo. 707, 59 S.W.2d 1061, 1066 (1933) (citation omitted). "The object of the plea is to rebate or recoup in whole or part the claim sued on." *Id.* (citation omitted).

not his wife. If she in fact ended up with the loan proceeds, or an interest in assets traceable to the loan, that might be the kind of situation where her arguments as to equity would fail in whole or in part.

Ms. Crouch may be a victim of a violation of the act and may not have participated in or benefited from the transaction in question. The Equal Credit Opportunity Act, in section 1691e(c), says a court "may grant such equitable ... relief ... as is necessary to enforce the requirements" of the act. If Boone National violated the act and its regulations by requiring Ms. Crouch to sign the guaranty contract, then it is clear that the guaranty would not exist in the absence of the violation. To allow Boone National to enforce the guaranty in such circumstances would be inconsistent with the court's duty to grant equitable relief to enforce the act's requirements.

Ms. Crouch has properly pleaded affirmative defenses. In addition to recoupment, Ms. Crouch asserts that the guaranty contract is unenforceable, on the basis of equitable estoppel, because it is illegal. *See* Rule 55.08. Without further pleading, Boone National may introduce evidence that the guaranty contract did not violate the federal law—evidence, for example, that Dr. Crouch did not meet the lender's guidelines for creditworthiness for a loan of this type. Such evidence, which tends to negate or destroy facts alleged in Ms. Crouch's affirmative defenses, can be offered without further pleading. Rule 55.09. If, however, Boone National wants to assert matters that would avoid the effect of any violation of the federal act, Boone National would be required by Rule 55.01 to file an affirmative avoidance. An affirmative avoidance might include, for example, a defense of laches that Ms. Crouch knew her rights, did not assert them, and acquiesced in the granting of further credit by Boone National. *See Exchange National Bank v. Wolken,* 819 S.W.2d 45, 47 (Mo. banc 1991). Rule 55.01 provides in part: "A defense consisting of an affirmative avoidance to any matter alleged in a preceding pleading must be pleaded." [5] Boone National's response to Ms. Crouch's affirmative defenses was its motion for summary judgment, which the trial court granted. On remand, after this Court's reversal of the summary judgment on Ms. Crouch's affirmative defenses, Boone National will have the opportunity to plead affirmative avoidances, if it chooses to do so.

Whether Ms. Crouch prevails on her defense will, of course, depend upon the facts proved in the trial court.

**Conclusion**

The trial court's judgment on Ms. Crouch's counterclaim is affirmed. The judgment on the affirmative defenses is reversed, and the case is remanded for further proceedings consistent with this opinion.

PRICE, C.J., LIMBAUGH, WHITE, HOLSTEIN and BENTON, JJ., and BURGER, Sp. J., concur.

LAURA DENVIR STITH, J., not participating.

---

**5.** This provision of Rule 55.01 requires a claimant to file a responsive pleading if the claimant wishes to assert an affirmative avoidance. The federal version of the rule, Fed.R.Civ.P. 7(a), does not require a responsive pleading in order to assert an avoidance to an affirmative defense. The difference between the federal rule and the Missouri rule derives from Missouri's requirement that pleaders set forth "facts." *See* Rules 55.05 (claims) and 55.08 (affirmative defenses and avoidances). Federal pleading rules do not require "facts." *See* Fed.R.Civ.P. 8(a) (claims) and 8(c) (affirmative defenses).