**Neal S. CLEVENGER and Mitsue I. Clevenger, Respondents,**

v.

**OLIVER INSURANCE AGENCY, INC., Appellant.**

**No. SC 88325.**

Supreme Court of Missouri, En Banc.

Oct. 30, 2007.

Rehearing Denied Dec. 4, 2007.

---

Michael S. Cessna, Hal D. Meltzer, Kansas City, for Appellant.

Ronald C. Spradley, Frederick H. Riesmeyer II, Kansas City, for Respondents.

PER CURIAM.[1]

### Overview

The Clevengers owned an equestrian park. They received notice from a neighboring property owner that runoff from the park contaminated a lake on the neighbor's property. After receiving the notice, the Clevengers contacted Bill Adams, an agent of Oliver Insurance Agency, Inc., to secure pollution liability insurance. The initial insurance policy excluded coverage of the neighbor's claim. Adams and the Clevengers discussed the coverage of the policy when it became time to renew it.

After the renewal issued, the Clevengers were sued by the neighbor. They tendered the suit to the insurance company, which refused to defend on the basis that the policy excluded the claim. After settling the neighbor's claim, the Clevengers filed this suit. They alleged they had been assured at the time of the renewal that the policy would provide coverage. They sought damages, claiming negligence and promissory estoppel, because they did not receive coverage for the claim. The jury returned verdicts in favor of the Clevengers on both theories and assessed the damages at $78,223.82. The jury found that the Clevengers were 98.6% at fault on the negligence claim, but no comparative fault was submitted on the promissory estoppel claim.

The trial court overruled Oliver's motion for judgment notwithstanding the verdict (JNOV) and entered judgment of $1,095.13 on the negligence count and $78,223.82 on

---

1. This Court transferred this case after an opinion by the Court of Appeals, Western District, authored by the Honorable Ronald R. Holliger. *Mo. Const. article V, section 10.* Parts of that opinion are incorporated without further attribution.

the promissory estoppel claim. Because the negligence claim is an adequate remedy at law, the promissory estoppel claim was not appropriate. The judgment is reversed as to the promissory estoppel claim and is affirmed in all other respects.[2]

## Additional facts

For pollution liability coverage, Oliver did not deal directly with an insurance carrier to obtain coverage but, instead, through a broker who then secures coverage with a particular company. Eventually, the Clevengers disclosed the neighbor's claim and Select Insurance, a subsidiary of Gulf Insurance, issued a pollution liability policy with an exclusion pertaining to the neighbor's claim and substantially similar claims.

When it came time to renew the insurance policy, the Clevengers made inquiries to their personal insurance agent, Bill Adams of Oliver Insurance Agency, about whether the pollution policy would provide coverage for claims concerning their neighbor's lake. Adams, in turn, sought assurances from the insurance broker. Thereafter, the Clevengers claim that Adams "assured" them that they would have coverage for any incident concerning their neighbor's lake, and, based on Adams' assurance, they renewed the policy with the exclusion still attached.

Shortly thereafter, their neighbor sued them for damage to the lake. Gulf Insurance denied the Clevengers' claim for coverage and refused to provide a defense because the claims in the lawsuit were excluded by a policy endorsement.

## Standard of review

■■■ The standard of review of denial of a JNOV is essentially the same as for review of denial of a motion for directed verdict. A case may not be submitted unless each and every fact essential to liability is predicated upon legal and substantial evidence. In determining whether the evidence was sufficient to support the jury's verdict, the evidence is viewed in the light most favorable to the result reached by the jury, giving the plaintiff the benefit of all reasonable inferences and disregarding evidence and inferences that conflict with that verdict. This Court will reverse the jury's verdict for insufficient evidence only where there is a complete absence of probative fact to support the jury's conclusion. *Dhyne v. State Farm Fire & Cas. Co.*, 188 S.W.3d 454, 456–57 (Mo. banc 2006). Accordingly, a motion for JNOV is properly granted when the motion identifies at least one element of the plaintiff's case that is not supported by the evidence. *Breckenridge v. Meierhoffer–Fleeman Funeral Home, Inc.*, 941 S.W.2d 609, 611 (Mo.App.1997).

## Elements of promissory estoppel

■■■ A claim of promissory estoppel has four elements: (1) a promise; (2) on which a party relies to his or her detriment; (3) in a way the promisor expected or should have expected; and (4) resulting in an injustice that only enforcement of the promise could cure. *Zipper v. Health Midwest*, 978 S.W.2d 398, 411 (Mo.App. 1998); *see In re Jamison's Estate*, 202 S.W.2d 879, 886 (Mo.1947). The promise giving rise to the cause of action must be definite, and the promise must be made in a contractual sense. *Zipper* at 411. In Missouri, promissory estoppel is not a favorite of the law, and each element must clearly appear and be proven by the party seeking its enforcement. *Id.*

## Discussion

Oliver urges that *Zipper* supports his argument that the Clevengers failed to

---

**2.** Oliver does not attack the portion of the judgment based on the negligence theory.

prove a crucial element of their claim. In *Zipper*, the plaintiff brought an action for promissory estoppel, among other claims, alleging that the defendants breached an oral agreement to sell him an office building. *Id.* at 403. The court held that the plaintiff adduced sufficient evidence to establish the first three elements of promissory estoppel but failed to establish the final element; therefore, the court affirmed the trial court's entry of summary judgment. *Id.* at 411–12. The court said that the plaintiff created an issue of material fact on the first element with a statement in his affidavit that the defendants promised him that they would sell him the office building. *Id.* at 411. The second element was established by the existence of several exhibits showing that he expended money renovating the building in reliance on the promise. *Id.* Evidence of a note that the defendants co-signed with the plaintiff to acquire funds for the renovation and other letters in which the defendants were actively involved in the renovation process established the third element. *Id.* However, the court held plaintiff failed to establish the final element of promissory estoppel in that he had other remedies at law available that would adequately compensate his injury. *Id.* at 412.

The court concluded that the plaintiff was really seeking to recover restitution damages; i.e., the amount he expended in making renovations to the building. *Id.* The court relied on the *Restatement (Second) of Contracts*, sec. 139(2)(a) (1981), which states, in relevant part: "In determining whether injustice can be avoided only by enforcement of the promise ... the availability and adequacy of other remedies" at law is a significant factor to be considered. *Id.* at 411. In fact, the court declared that it is the "most significant" factor to consider. *Id.* at 412. Because the plaintiff was not seeking specific enforcement of the promise, and was instead seeking a remedy at law, application of promissory estoppel was inappropriate. *Id.*

■ The reasoning in *Zipper* applies in this case. Neal Clevenger testified that Adams "assured" him that he had coverage for claims regarding his neighbor's lake. Additionally, Neal Clevenger testified that he renewed the policy based on Adams' assurances. Finally, the Clevengers adduced evidence from Adams that, as the Clevengers' insurance agent for over 20 years, he knew that they relied on him to explain what was covered and what was not covered. They failed, however, to show a resulting injustice that only enforcement of the promise could cure.

What the Clevengers sought was not the issuance of an insurance policy that would cover the risk (a promise that Oliver could not fulfill) but damages for Oliver's mistaken representation that the policy they did receive would provide coverage. The Clevengers had an available and adequate remedy at law—an action in negligence. They prevailed on that theory. "Generally, equity will not intercede if an adequate remedy at law exists." *Id.* Because the Clevengers had an adequate remedy at law, equitable relief is not appropriate.

The Clevengers refer to *Hammons v. Ehney*, 924 S.W.2d 843, 847 (Mo. banc 1996), for the proposition that an adequate remedy at law does not bar recovery under promissory estoppel. *Hammons* does not speak to the elements of promissory estoppel. Rather, the issue in *Hammons* was whether a debtor could maintain an equitable action for contribution against a co-debtor (which could be tried without a jury) where the debtor had an adequate remedy at law in the form of a statutory action for contribution (which would implicate the co-debtor's constitutional right to a jury trial). On appeal, the co-debtor claimed that because the debtor's claim for contribution was a legal claim, she had the

right to a jury trial. *Hammons* at 846. The Court disagreed, stating that even though contribution between co-debtors originated as an equitable claim in Missouri, "the subsequent creation of a legal claim for contribution ... created concurrent jurisdiction in both law and equity for contribution." *Id.* at 847. The Court further stated that an exception to the recognized principle that "equity will not intercede if there is an adequate remedy at law" is for claims that originated in equity prior to the recognition of a legal claim. *Id.* *Hammons* is of no relevance to this case.

The Clevengers also cite *State ex rel. Leonardi v. Sherry*, 137 S.W.3d 462 (Mo. banc 2004), for the proposition that even though they had an adequate remedy at law, the promissory estoppel claim was properly submitted. The primary issue in *Leonardi* was whether the appellant's constitutional right to a jury trial was violated when the trial court, in exercising the equitable cleanup doctrine, refused to grant him a jury trial on the legal claims in the case. *Id.* at 464. The Clevengers' reliance on *Leonardi* is misplaced.

#### Conclusion

The Clevengers failed to prove the fourth element of their promissory estoppel claim-that only enforcement of the promise could cure the resulting injustice. The judgment is reversed as to the promissory estoppel claim and is affirmed in all other respects.

STITH, C.J., PRICE, TEITELMAN, LIMBAUGH, RUSSELL and WOLFF, JJ., and BARNES, Sp.J., concur.

BRECKENRIDGE, J., not participating.