**Tom BIRKENMEIER, T.J. Birkenmeier, Inc., d/b/a Orca Partnership, Respondents/Cross–Appellants,**

v.

**KELLER BIOMEDICAL, LLC, Perio Protect, LLC, Duane Keller and Carol Keller, Appellants.**

No. ED 92671.

Missouri Court of Appeals,
Eastern District,
Division One.

April 20, 2010.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 8, 2010.

---

Colleen Jones, Jason Turk Co-Counsel, St. Louis, MO, for Appellants.

Brian McGovern, Robert Miller Co-Counsel, Chesterfield, MO, for Respondents.

NANNETTE A. BAKER, Judge.

### Introduction

The appellants, Duane and Carol Keller ("the Kellers"), Keller Biomedical, LLC and Perio Protect (collectively "Defendants") appeal from the trial court's judgment in favor of the respondent and cross appellant, Tom Birkenmeier ("Birkenmeier") d/b/a Orca Partnership, Inc. After the Kellers transferred the Keller Biomedical assets to Perio Protect, Birkenmeier filed an eleven count petition alleging that he was a member of Keller Biomedical. Birkenmeier cross appeals from the trial court's dismissal of two of the counts and its grant of summary judgment on four of the other counts in his second amended petition.

The Kellers raise two points on appeal. First, they claim that the trial court erred in admitting Birkenmeier's Exhibit 99, a portion of their personal tax return, the Schedule C, because Birkenmeier failed to establish a foundation for its admission.

Second, they claim that the trial court erred in rejecting their proffered jury instruction on recoupment and accepting Birkenmeier's jury instruction.

Birkenmeier raises three points on cross appeal. First, he claims that the trial court erred in dismissing Count III for promissory estoppel and Count IV for violation of Missouri Uniform Fraudulent Transfer Act, Sections 428.005 to 428.059 [1] ("MUFTA"). Second, he claims that the trial court erred in finding that there was no genuine issue of material fact that Birkenmeier was not a member of Keller Biomedical and granting partial summary judgment. Third, Birkenmeier claims that the trial court erred in granting partial summary judgment on Count XI, breach of contract, because he was not required to be a member of Keller Biomedical to state a cause of action for breach of contract against the Kellers. We find no error and affirm. [2]

### *Factual and Procedural Background*

Birkenmeier discussed entering into an agreement with the Kellers to form a limited liability company ("LLC") in order to market a dental product. The Kellers' lawyers drafted an agreement for the formation of the LLC. Birkenmeier testified that he never signed a final version; however, he believed the parties had an oral agreement with details to be worked out at a later date.

On July 13, 2004, the Kellers filed Articles of Organization with the State of Missouri for Keller Biomedical to form the company as an LLC. On September 9, 2004, the Kellers deposited a check from Birkenmeier for $2,000 to Keller Biomedical's bank account and noted it as a "capital contribution" in the deposit detail. Birkenmeier, doing business as Orca Partnership, printed brochures for marketing the product. Birkenmeier testified that he believed that he was a member of Keller Biomedical pursuant to an oral agreement. In his deposition, Birkenmeier testified that he believed that he and two other individuals each owned a five percent share of Keller Biomedical and the Kellers owned the remaining eighty-five percent. The Kellers marketed the product to dentists by conducting seminars and sending out letters and brochures printed by Orca Partnership.

On January 21, 2005, the Kellers transferred the liquid assets of Keller Biomedical to Perio Protect, a company they wholly owned. On August 5, 2005, Birkenmeier filed a petition for relief for damages arising from his claimed breach of the agreement against the Kellers, Keller Biomedical and Perio Protect. Birkenmeier filed his first amended petition on February 17, 2006. One month later, the Kellers filed a motion to dismiss Birkenmeier's first amended petition.

Duane Keller and Keller Biomedical filed counterclaims against Birkenmeier on October 6, 2006.

On November 6, 2006, Birkenmeier filed an answer and a motion for a more definite statement to Duane Keller's counterclaim, and a motion to dismiss Keller Biomedical's counterclaim. On November 9, 2006, Birkenmeier filed a motion for leave to file a second amended petition and a proposed second amended petition.

On February 6, 2007, Defendants filed an answer to the second amended petition. Defendants amended their motions to dis-

---

1. All statutory references are to RSMo.2000, unless otherwise indicated.

2. This court has reviewed the Motion taken with the case. Appellants' Motion to Strike and/or Dismiss Respondents' Points Relied on is denied.

miss various counts. On April 23, 2007, the trial court denied Defendants' motions to dismiss Counts I and II and granted their motions to dismiss Counts III and IV. On February 26, 2008, Defendants filed a motion for summary judgment. On June 16, 2008, the trial court granted summary judgment on Counts I, II, VI and XI.

At the time of trial, the remaining counts were: Count V for accounting, Count VII for breach of contract by Keller Biomedical against Orca, Count VIII for quantum meruit and Count X for alter ego. At trial, the court admitted a portion of the Kellers' tax return, Schedule C. The document showed that the Kellers claimed a greater amount for printing, production costs and sales and marketing than they showed on their profit and loss statement. Examining the document, Carol Keller testified that the discrepancy between the two amounts was $66,162.82.

The jury found in favor of Birkenmeier on his breach of contract claims and awarded him $83,496.00. Pursuant to the agreement and stipulation, the parties filed before the trial, the court held all Defendants jointly and severally liable. On Duane Keller's counterclaim against Birkenmeier, the jury found in favor of Duane Keller and set damages at $2,500.00. The trial court entered the judgment and taxed costs against Defendants. Defendants filed this appeal and Birkenmeier filed this cross appeal.

### Points on Appeal

The Kellers raise two points on appeal. First, they claim that the trial court erred in admitting Birkenmeier's Exhibit 99, a portion of their tax return, the Schedule C, because Birkenmeier failed to establish a foundation for its admission. Second, they claim that the trial court erred in rejecting their proffered jury instruction on recoup-

ment and accepting Birkenmeier's proffered jury instruction.

### Exhibit 99, Keller Biomedical's Schedule C

A trial court has considerable discretion in deciding whether to admit or exclude evidence at trial. *Williams v. Trans States Airlines*, 281 S.W.3d 854, 872 (Mo.App. E.D.2009). We give great deference to the trial court's evidentiary rulings and will reverse the trial court's decision on the admission of evidence only if the court clearly abused its discretion. *Id.* When reviewing for an "abuse of discretion," we presume the trial court's finding is correct and reverse only when the ruling is "clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration; if reasonable persons can differ about the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion." *Id.* Upon finding an abuse of discretion, this Court will reverse only if the prejudice resulting from the improper admission of evidence is outcome-determinative. *Id.* (internal citations omitted).

The Kellers argue that the admission of a portion of Keller Biomedical's tax return, specifically the Schedule C, confused the jury and was prejudicial. They claim that there was no foundational support for the document because the document required expert testimony to establish its foundation as a business record, and that the document misled the jury into finding in favor of Birkenmeier. They argue that the return should not have been admitted as either a business record or an admission of a party opponent. Section 490.680 sets out three foundational requirements for the admission of a business record under the business records exception: (1) the custodian or other qualified

witness testifies to its identity and the mode of its preparation; (2) the custodian or other qualified witness testifies that it was made in the regular course of business, at or near the time of the act, condition or event; and (3) in the opinion of the court, the sources of information, method and time of preparation justified its admission. Section 490.680; *In re Estate of Newman*, 58 S.W.3d 640, 646 (Mo.App. W.D.2001).

The Kellers, in lieu of allowing Birkenmeier access to their accountants, entered into a joint stipulation. The stipulation stated that Joel Weltman and his accounting firm were the Kellers' accountants in 2004 and 2005 for their personal and business returns, that the 2004 form 1040 Schedule C was prepared for the Kellers as part of their 2004 tax return and that it was filed with the IRS and never amended. Based on the stipulation, the trial court held that the document was admissible as a business record. The stipulation met the requirements as provided in Section 490.680 and laid out in *Newman*, and the trial court accepted it as accurate. Because of the stipulation that the document was prepared in the course of normal business, no expert testimony was required to lay a foundation. Thus, the trial court properly admitted the document into evidence.

This point is denied.

**Proffered Jury Instruction**

In their second point on appeal, the Kellers claim that the trial court erred in rejecting their proffered jury instruction on recoupment and accepting Birkenmeier's proffered jury instruction instead. They argue that recoupment is a cause of action of its own for damages, as their pleadings evidenced, and that Birkenmeier's instruction improperly characterized their claim of recoupment as an affirmative defense.

■■ In reviewing a jury instruction, this Court views the evidence and the inferences in the light most favorable to the instruction and disregards contrary evidence. *McBryde v. Ritenour Sch. Dist.*, 207 S.W.3d 162, 168 (Mo.App. E.D.2006). We will reverse on instructional error only where the instruction misled, misdirected, or confused the jury, and the instruction resulted in prejudicial error. *Id.*

In *Schroeder v. Prince Charles, Inc.*, the Missouri Supreme Court held that a " 'counterclaim' is a counter demand existing in favor of a defendant against a plaintiff and includes set-off and recoupment, and recoupment is a purely *defensive* matter growing out of the transaction constituting plaintiff's cause of action, and is available only to reduce or satisfy a plaintiff's claim and permits of *no affirmative judgment*." 427 S.W.2d 414, 419 (Mo.1968) (emphasis added) (internal citation omitted).

■ Under Missouri law, "the doctrine of recoupment—whether called a counterclaim or an affirmative defense—is solely a matter of defense." *Boone Nat'l Savings & Loan Ass'n. F.A. v. Crouch*, 47 S.W.3d 371, 374 (Mo. banc 2001). It is not a method for obtaining affirmative relief, but "is available only to reduce or satisfy a plaintiff's claim and permits no affirmative judgment." *Id.* "Under Missouri's pleading rule, Rule 55.08, if an affirmative defense is called a counterclaim ... the court is to treat the counterclaim ... as though it were properly labeled." *Id.*

■ The Kellers tendered a jury instruction on recoupment that was not an MAI approved instruction. It stated:

Your verdict must be for Defendants on Plaintiff's claim as submitted in Instruction no. _____ if you believe:

First, Plaintiff either: Failed to complete the contract work in a good and workmanlike manner, or Failed to complete the contract work in a timely manner, and Second, because of such failure Plaintiffs' contract obligations were not substantially performed, and,

Third, Defendants were thereby damaged.

The Kellers argue that because their recoupment claim was pled as a counterclaim, it was a separate cause of action and not an affirmative defense. They argue that their tendered instruction was not for an affirmative defense, and that the instruction that was given was an instruction for an affirmative defense. However, it would have been error for the trial court to give the Kellers' proffered jury instruction since their recoupment claim *was* an affirmative defense as a matter of law. Further, the instruction as submitted was substantially identical to their proffered instruction with the exception of the provision for damages.[3] Since the language given to the jury allowed it to find for the Kellers if they believed that Birkenmeier failed to comply with his contract, the Kellers were not prejudiced by the court's failure to give their proffered instruction. This point is denied.

### Points on Cross Appeal

Birkenmeier raises three points on cross appeal. First, he claims that the trial court erred in dismissing Count III for promissory estoppel and Count IV for violation of MUFTA. Birkenmeier argues that all the elements of the counts were properly pled and that the trial court should have assumed all allegations in the petition to be true. Second, Birkenmeier claims that the trial court erred in specifically finding that there was no genuine issue of material fact that Birkenmeier was not a member of Keller Biomedical and in granting partial summary judgment. Third, Birkenmeier claims that the trial court erred in granting partial summary judgment on Count XI for breach of contract against the Kellers and specifically finding that there was no genuine issue of material fact that he was not a member of Keller Biomedical because as a matter of law, he is not required to be a member of Keller Biomedical to state a cause of action for breach of contract against the Kellers.

### Dismissed Count for Promissory Estoppel

In Birkenmeier's second amended petition, he raised a count for promissory estoppel, alleging that the Kellers promised him a partial ownership stake in Keller Biomedical, that he relied on that promise by expending time, energy and money in an effort to promote the dental product and help the company succeed, and that the Kellers could foresee that he would rely on their promise. He also sought enforcement of the promise in the form of "an amount to be proven at trial (in excess of $25,000.00), interest, attorney's fees, costs expended herein, and for such other and further relief as the court deems just and proper."

A claim of promissory estoppel contains four elements: (1) a promise; (2) on which a party relies to his or her detriment; (3) in a way the promisor expected or should have expected; and (4) resulting

---

3. The instruction the trial court gave was:

Your verdict must be for Defendant Keller Biomedical, LLC on Plaintiff T.J. Birkenmeier, Inc. d/b/a ORCA Partnership's claim as submitted in Instruction no. 7 if you believe:
First, Plaintiff either:

Failed to perform the contract work in a good and workmanlike manner, or Failed to perform the contract work in a timely manner, and Second, because of such failure Plaintiffs' contract obligations were not performed.

in an injustice that only enforcement of the promise could cure. *Clevenger v. Oliver Ins. Agency, Inc.*, 237 S.W.3d 588, 590 (Mo. banc 2007). In Missouri, promissory estoppel is not a favorite of the law, and each element must clearly appear and be proven by the party seeking its enforcement. *Id.*

Here, Birkenmeier alleged that the Kellers promised to form Keller Biomedical as an LLC, with him as a member. Birkenmeier claims that he relied on that promise and expended significant time, energy and capital developing business plans, business relationships and developing business operations on behalf of Keller Biomedical. He claimed that Duane Keller could reasonably foresee that that Birkenmeier would take action and perform work in reliance on that promise. However, Birkenmeier did not seek enforcement of the promise; instead, he sought monetary damages. Similar to the plaintiff in *Clevenger*, Birkenmeier was not seeking specific enforcement of the promise, and was instead seeking a remedy at law. Therefore, application of promissory estoppel was inappropriate. *Clevenger*, 237 S.W.3d at 591.

### Dismissed Count of MUFTA

▆ Birkenmeier's fourth count in his second amended petition sought relief from the Kellers under MUFTA. Specifically, he claimed that the Kellers transferred the assets of Keller Biomedical to Perio Protect with inadequate consideration and in a method different from the usual transacting of its business. Birkenmeier claimed that the Kellers' and Keller Biomedical's actions in transferring ownership and rights to the dental product to Perio Protect were intended to delay, hinder and/or defraud him in violation of MUFTA.

▆ To set aside a transfer as fraudulent under MUFTA, it is necessary to show that the transfer was made with an intent to hinder, delay, or defraud creditors. *Taylor v. Clark*, 140 S.W.3d 242, 251 (Mo.App. S.D.2004). Intent to defraud must be shown by clear and convincing evidence. *Taylor*, 140 S.W.3d at 251. Fraudulent intent is rarely proven by direct evidence; thus, it is acceptable in Missouri courts to determine the presence of fraud by considering particular badges of fraud. *Id.* The badges of fraud include: 1) a conveyance to a spouse or near relative; 2) inadequacy of consideration; 3) transactions different from the usual method of transacting business; 4) transfers in anticipation of suit or execution; 5) retention of possession by the debtor; 6) the transfer of all or nearly all of the debtor's property; 7) insolvency caused by the transfer; and 8) failure to produce rebutting evidence when circumstances surrounding the transfer are suspicious. *Id.* For a transfer to be found fraudulent, several indicia of fraud must be shown. *Id.* More than one badge of fraud must be present. *Id.*

▆ Allegations of fraud and fraudulent conveyance must be pled with particularity. Rule 55.15.[4] *Batek v. Curators of Univ. of Missouri*, 920 S.W.2d 895, 900 (Mo. banc 1996). *See also Keehn v. Ruzicka Elec. & Sons, Inc.*, 251 S.W.3d 388, 390 (Mo.App. E.D.2008). No claim is stated without compliance with Rule 55.15. *Schauer v. Gundaker Movits Real Estate Co.*, 813 S.W.2d 112, 114 (Mo.App. E.D. 1991). A plaintiff must plead every essential element of a cause of action, and failure to plead any element renders the claim defective and subject to dismissal. *Id.* ; *see also Hanrahan v. Nashua*, 752 S.W.2d 878, 883 (Mo.App. E.D.1988).

---

4. All rule references are to Mo. Rules Civ. P.2009, unless otherwise indicated.

In this case, Birkenmeier's petition was not pled with particularity. In his second amended petition, Birkenmeier merely set forth allegations that mirrored the badges of fraud. For example, he alleged, "[t]he rights to the Product were transferred to Defendant Perio Protect with inadequate consideration" and "[t]he transaction is different from the usual method of transacting business for Keller Biomedical." He also alleged, "The transfer was made in anticipation of suit or claims by Plaintiffs." Birkenmeier failed to set forth any facts in support of these allegations. Therefore, his allegations were not sufficient to state a cause of action under MUFTA and the trial court properly dismissed this count. The first point of the cross appeal is denied.

**Summary Judgment on Counts I, II and VI**

In his second point on cross appeal, Birkenmeier claims that the trial court erred in granting summary judgment on his counts of: breach of fiduciary duty against the Kellers; breach of duty of loyalty and duty of good faith and fair dealing against the Kellers; constructive trust against the Kellers and Perio Protect; and breach of contract against the Kellers. Specifically, he claims that there was sufficient evidence to create a genuine issue of material fact as to whether Birkenmeier was a member of Keller Biomedical and contributed to the formation and development of the LLC. The issue of Birkenmeier's alleged membership in Keller Biomedical is critical to the grant of summary judgment on Counts I, II and XI

When considering appeals from summary judgments, this court will review the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Fin. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Our review of a grant of summary judgment is *de novo*. *Id.* Summary judgment is designed to permit the trial court to enter judgment, without delay, where the moving party has demonstrated, on the basis of facts as to which there is no genuine dispute, a right to judgment as a matter of law. Rule 74.04. We will affirm the trial court's judgment if, as a matter of law, it is sustainable on any theory. *Citibrook II v. Morgan's Foods of Missouri, Inc.*, 239 S.W.3d 631, 634 (Mo. App. E.D.2007).

Section 347.037.2 provides that: "A limited liability company is formed when the articles of organization are filed with the secretary or on a later date set forth in the articles of organization, not to exceed ninety days from the filing date."

Birkenmeier argues that there is substantial evidence that Keller Biomedical was indeed formed and did business as an LLC. He directs us to the Articles of Organization filed with the State of Missouri in the record. The record reflects that Keller Biomedical conducted business for six months, marketed and advertised the dental product, and that it accepted a capital contribution from Birkenmeier to do so. Additionally, there is evidence that Birkenmeier provided Keller Biomedical with plans, ideas, promotional materials and helped generate revenue for the company.

However, evidence of Keller Biomedical's formation as an LLC does not establish that Birkenmeier was ever a member of the company. The Missouri statute governing LLC's defines a member as:

any person that signs in person or by an attorney in fact, or otherwise is a party to the operating agreement at the time the limited liability company is formed and *is identified as a member in that operating agreement* and any person

who is subsequently admitted as a member in a limited liability company in accordance with sections 347.010 to 347.187 and the operating agreement, until such time as an event of withdrawal occurs with respect to such person.

Section 347.015(11) (emphasis added).

In the case before us, Birkenmeier testified in his deposition that a formal operating agreement was never finalized. The record is replete with references to his meeting with the Kellers to discuss forming an LLC. Birkenmeier stated that they had "discussed conceptually" how it would work; that the terms of the LLC were not "nailed down" and specific terms were not agreed to; that details of a possible relationship with the Kellers had not been worked out; that actual terms of the business were not yet known in their entirety; that all of the terms of an agreement had not been defined or fleshed out; and that there was only a draft operating agreement provided to him.

An operating agreement is defined as "any valid agreement or agreements, written or oral, among all members, or written declaration by the sole member concerning the conduct of the business and affairs of the limited liability company and the relative rights, duties and obligations of the members and managers, if any." Section 347.015(13).

Although an operating agreement may be oral, there must still be an agreement. *Id.* A review of the record shows that there was no agreement as to material terms between the parties to form Keller Biomedical. Absent such an agreement, Birkenmeier could not have been a member of the LLC at the time it was formed. The determination of Birkenmeier's membership in Keller Biomedical is dispositive regarding whether the trial court correctly granted summary judgment on the counts for breach of fiduciary duty, breach of the duties of loyalty and good faith and fair dealing, and constructive trust.

### Breach of Fiduciary Duty

To establish a breach of fiduciary duty claim, the proponent must prove that a fiduciary duty existed between the proponent and the defending party, that the defending party breached the duty, and that the breach caused the proponent to suffer harm. *Shervin v. Huntleigh Sec. Corp.*, 85 S.W.3d 737, 740 (Mo.App. E.D. 2002). A fiduciary relationship may arise as a matter of law by virtue of the parties' relationship, e.g., attorney-client, or it may arise as a result of the special circumstances of the parties' relationship where one places trust in another so that the latter gains superiority and influence over the former. *Id.* at 740–41. The question in determining whether a fiduciary or confidential relationship exists is whether or not trust is reposed with respect to property or business affairs of the other. *Id.* at 741.

In this case, Birkenmeier is claiming that a fiduciary duty existed between the Kellers and himself because he was a minority member of Keller Biomedical. However, because he was not a member of the LLC, there was no fiduciary duty to be breached. Therefore, the trial court did not err in its grant of summary judgment on Birkenmeier's breach of fiduciary duty claim because it properly found that Birkenmeier was not a member.

### Breach of the Duties of Loyalty and Good Faith and Fair Dealing

Likewise, Birkenmeier's claim of breach of the duties of loyalty and good faith and fair dealing must fail. In this count, he alleges that the Kellers violated these duties by transferring the assets of Keller Biomedical to Perio Protect without adequate consideration and ignoring their

obligations and duties to Birkenmeier as a minority member of the LLC. Under Section 347.088, those duties arise to "another member, manager, or other person that is party to or otherwise bound by an operating agreement." Because the trial court found that Birkenmeier was not a member of nor a party to an operating agreement with Keller Biomedical, it properly found that there could be no breach of those duties.

### *Constructive Trust*

■ Birkenmeier's claim for a constructive trust is also without merit. A constructive trust is an equitable device employed by courts of equity to remedy a situation where a party has been wrongfully deprived of some right, title or interest in property as a result of fraud or violation of confidence or faith reposed in another. *Lynch v. Lynch,* 260 S.W.3d 834, 837 (Mo. banc 2008).

■ Birkenmeier has failed to show that he was entitled to any rights or interest in property to Keller Biomedical. He has not established that he was ever a member of Keller Biomedical. Therefore, Birkenmeier had no "right, title or interest in property" to be remedied by a constructive trust.

Furthermore, Birkenmeier failed to properly plead a claim for fraudulent transfer, a necessary element for a court to impose a constructive trust. *See supra* Point I of the cross appeal. Thus, the trial court properly granted summary judgment against Birkenmeier's claim of constructive trust.

For the reasons discussed above, Birkenmeier's second point on cross appeal relating to the grant of summary judgment as to the three counts for breach of fiduciary duty, breach of the duties of loyalty and good faith and fair dealing, and constructive trust is denied.

### Summary Judgment for Breach of Contract

■ In the remaining prong of his second point on cross appeal, Birkenmeier argues that the trial court erred in granting summary judgment on his claim of breach of contract because there was sufficient evidence to create a genuine issue of material fact that he was a member of Keller Biomedical. In his third point on cross appeal, Birkenmeier argues that even if the court found that he was not a member of Keller Biomedical, it still erred in granting summary judgment on the claim because he need not be a member of the LLC in order to have a cause of action against the Kellers. We will discuss both of these together as they are both dependent on the existence of a valid agreement.

■ Birkenmeier's claim for breach of contract cannot stand without evidence that a valid and enforceable contract existed. The essential elements of a contract in Missouri are: "(1) competency of the parties to contract; (2) subject matter; (3) legal consideration; (4) mutuality of agreement; and (5) mutuality of obligation." *Dancin Dev. LLC v. NRT Missouri, Inc.* 291 S.W.3d 739, 745 (Mo.App. E.D.2009). Mutuality of agreement is determined by looking to the intentions of the parties, as expressed or manifested in their words or acts. *Id.* If the parties have reserved the essential terms of the contract for future determination, there can be no valid agreement. *Id.*

Here, there was undisputed evidence that the parties were not specific in their negotiations and thereby reserved the essential terms of the operating agreement for a future determination. Birkenmeier admitted in his deposition that essential terms were not yet agreed upon. Accordingly, because the element of mutuality of

agreement is lacking, Birkenmeier's breach of contract claim must fail.

In his third point on cross appeal, Birkenmeier now appears to be arguing that the parties merely had an agreement to form a company, and that this is a simple case of a breach of an oral agreement. Yet the agreement to which he refers is the operating agreement to form an LLC that, by his own testimony, was never finalized.

As we discussed above, there was no mutuality of agreement between Birkenmeier and the Kellers. Contract law explicitly holds that if the parties have reserved the essential terms of the contract for future determination, there can be no valid agreement. *Dancin Dev. LLC,* 291 S.W.3d at 745. Without a valid agreement, there can be no breach. At best, Birkenmeier provided evidence that an agreement was discussed and specific terms were to be worked out later among the parties. Those facts alone are not enough to prove a claim for breach of contract, whether or not Birkenmeier was a member of Keller Biomedical. The trial court did not err in granting summary judgment on this count. This point, as well as the final prong of the second point is denied.

### Conclusion

For the foregoing reasons, we affirm the judgment of the trial court.

KATHIANNE KNAUP CRANE, P.J., and CLIFFORD H. AHRENS, J., concur.